UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | | |
|---|---|---|
| Trebbianno, LLC<br>d/b/a Showroom 35,<br>　　　　*Plaintiff*,<br>　　v.<br>United States,<br>　　　　*Defendant*. | ) ) ) ) ) ) ) | Court No. 20-00135 |
| Poppin, Inc.,<br>　　　　*Plaintiff*,<br>　　v.<br>United States,<br>　　　　*Defendant*. | ) ) ) ) ) ) | Court No. 20-00158 |
| Westport Corporation,<br>　　　　*Plaintiff*,<br>　　v.<br>United States,<br>　　　　*Defendant*. | ) ) ) ) ) ) | Court No. 20-00190 |
| Lighting Partners Jax, Inc.,<br>　　　　*Plaintiff*,<br>　　v.<br>United States,<br>　　　　*Defendant*. | ) ) ) ) ) ) | Court No. 20-03529 |
| Uniflex Church Furnishings, Inc.,<br>　　　　*Plaintiff*,<br>　　v.<br>United States,<br>　　　　*Defendant*. | ) ) ) ) ) ) | Court No. 20-03571 |

# CONSOLIDATED JOINT STATUS REPORT

Pursuant to this Court's order, defendant, the United States, and plaintiffs, Trebbianno LLC, Poppin, Inc., Westport Corporation, Lighting Partners Jax, Inc., and Uniflex Church Furnishings, Inc., respectfully submit this joint status report. The above-captioned cases are stayed under *ARP Materials, Inc. v. United States*, Court No. 20-00144 (*ARP Materials*) and *Harrison Steel Castings Co. v. United States*, Court No. 20-147 (*Harrison Steel*) (collectively, the test cases). On June 11, 2021, the Court granted defendant's motion to dismiss the test cases for lack of subject-matter jurisdiction. *ARP Materials, Inc. v. United States*, 520 F. Supp. 3d 1341, 1361 (Ct. Int'l Trade 2021). On September 6, 2022, the Court of Appeals for the Federal Circuit affirmed this Court's decision in the test cases, *see ARP Materials, Inc. v. United States*, 47 F.4th 1370 (Fed. Cir. 2022), and issued its mandate on December 9, 2022. *ARP Materials*, Dkt. No. 34; *Harrison Steel*, Dkt. No. 32.

This Court has ordered the parties to file a joint status report on or before the 30th day after the mandate in the test cases to explain "how the above-captioned cases should proceed in view of the Federal Circuit's disposition of the appeals in ARP Materials and Harrison." *Trebbianno, LLC D/B/A/ Showroom 35 v. United States*, Court No. 20-00135 (*Trebbianno*) (Dkt. No. 20); *Poppin, Inc. v. United States*, Court No. 20-00158 (*Poppin*) (Dkt. No. 17); *Westport Corporation v.*

*United States*, Court No. 20-00190 (*Westport*) (Dkt. No. 20); *Lighting Partners Jax, Inc. v. United States*, Court No. 20-3529 (*Lighting Partners*) (Dkt. No. 20); *Uniflex Church Furnishings, Inc. v. United States*, Court No. 20-03571 (*Uniflex*) (Dkt. No. 17). As explained below, the parties agree that two of the stayed cases, *Poppin* and *Lighting Partners*, should be dismissed with prejudice. The parties disagree, however, as to how the Court should proceed in the three other stayed cases, *Trebbianno*, *Westport* and *Uniflex*.

## I. The Parties Agree That The Court Should Dismiss The *Poppin* and *Lighting Partners* Cases With Prejudice

As explained in the initial motions to stay proceedings, *Poppin* and *Lighting Partners* concern the issue of whether the Court possesses jurisdiction pursuant to 28 U.S.C. § 1581(i), because plaintiffs possessed a remedy under 28 U.S.C. § 1581(a), and that remedy was not "manifestly inadequate." *See Poppin*, Dkt. No. 12 at 8; *Lighting Partners*, Dkt. No. 13 at 4. Specifically, plaintiffs invoked jurisdiction under 28 U.S.C. § 1581(i) to obtain a refund of "duties collected pursuant to section 301 of the Trade Act of 1974 on merchandise on import entries . . . that were retroactively excluded" from section 301 duties. *Poppin*, Dkt. 7 (Complaint) at 5; *Lighting Partners*, Dkt. 7 (Complaint) at 5.

The test cases also involved the question of whether the Court has jurisdiction pursuant to 28 U.S.C. § 1581(i) to order the retroactive refund of section 301 duties. The Court held that the answer to that question is "no." The

3

Court held, and the Federal Circuit affirmed, that plaintiffs in those cases possessed a remedy under 28 U.S.C. § 1581(a), as what was involved were liquidation decisions by U.S. Customs & Border Protection as to the classification of goods on import entries. The Court held that the protest remedy under 28 U.S.C. § 1581(a) as to "alleged erroneous liquidation[s]" had been available to plaintiffs in the test cases but they lost that remedy because their "protest[s] w[ere] untimely" or not made at all, "not because the remedy was inadequate." *ARP Materials,* 520 F. Supp. 3d at 1361 (quoting *Carbon Activated Corp. v. United States*, 6 F. Supp. 3d 1378, 1380 (Ct. Int'l Trade 2014)), *aff'd*, 47 F.4th 1370 (Fed. Cir. 2022). Because a remedy existed under 28 U.S.C. § 1581(a) that was not "manifestly inadequate," in the test cases this Court held, and the Federal Circuit affirmed, that it lacked jurisdiction under 28 U.S.C. § 1581(i). *ARP Materials*, 520 F. Supp. 3d at 1362, *aff'd*, 47 F.4th 1370 (Fed. Cir. 2022).

The parties agree that the test cases and the *Poppin* and *Lighting Partners* cases involve similar issues, such that the outcome in the test cases resolves the two stayed cases. As a result, the parties agree that the Court should dismiss *Poppin* and *Lighting Partners* with prejudice.

## II. The Parties Disagree As To How The Court Should Proceed In The *Trebbiano*, *Westport* and *Uniflex* Cases

The parties disagree as to how the Court should proceed in the remaining three stayed cases, *Trebbianno*, *Westport* and *Uniflex* (collectively, the disputed cases). Below we set forth our respective positions.

### *Plaintiffs' position*

Defendant seeks to dismiss *Trebbianno*, *Westport* and *Uniflex* as if these cases and the test cases were in all ways one and the same. They are not. Defendant's rationale to dismiss the three disputed cases is painted with a roller, not a brush and its strategy is to deprive plaintiffs of their right to be heard on the issues which are unique to each of them, that had not been not addressed in the test cases. The complaints in the three disputed cases are sufficient to provide notice to defendant of the redress being sought. The three disputed cases do involve some merchandise that was supposed to be excluded upon which no 301 duties were supposed to be collected, or refunded if collected, but the defendant fought to prevent that from happening. Now defendant is trying to do that again by presenting a selective rendition of the facts *as if* the facts were identical in the test cases and the cases suspended thereunder. The parties knew at the time the test cases were selected that there was a variety of circumstances unique to unique to the cases that involved exclusions, and that the test cases would not resolve all of the issues, so that disagreement at this point is somewhat surprising.

Dismissal is not appropriate. At least two other alternatives to dismissal exist and are appropriate under the circumstances. The three cases could proceed forthwith or the three cases could be suspended.

Plaintiffs oppose dismissal as there are as yet unresolved issues in all three. If the disputed cases were to proceed, it immediately would be obvious that they involve issues already before the Court in *In Re Section 301 Cases* : Court No. 21-00052-3JP ("HMTX et al"). The three disputed cases therefore should be assigned to the suspense calendar with over 6,000 other China 301 cases so as to avoid decisions inconsistent with the test case HMTX et al. Plaintiffs will file motions to that end shortly.

Defendant seeking to compel the Court to decide on motions to dismiss, oppositions thereto, and counter motions to proceed or to suspend is an unnecessary burden on the Court, the parties and is contrary to the interests of justice.

**A. All Three Disputed Cases Could be Decided "Under In Re 301 Cases"**

All three disputed cases were brought under the Court's 28 U.S.C. §1581(i) jurisdiction. All three involve imports of goods of Chinese origin that appeared on the tranches of affected descriptions of merchandise that were issued by the USTR which are commonly called List 3 and List 4A.The propriety of the actions taken by the USTR in formulating List 3 and List 4A, including the consideration

comments from the public and the implementation of duties on goods the USTR placed on those lists is being contested in HMTX et al, a case brought under the Court's 28 U.S.C. §1581(i) jurisdiction. Jurisdiction has not been contested in that case, as CBP liquidations are not the issue. Oral argument in HMTX et al is scheduled for February 7, 2023.

      As in HMTX et al, if the importers in *Trebbianno* and *Westport* had protested to CBP, it would have been an exercise in futility. Protests were manifestly inadequate. In summarily denying the protests, CBP would have said, "USTR held hearings, accepted comments, finalized lists 3 and 4A. USTR processed the exclusion requests and the Federal Register notices. Take it up with USTR if the USTR dropped the ball. Our liquidations were correct."

      After the decisions in the test cases that conclusion would be indisputable. Plaintiffs in the disputed cases are not alleging that the liquidations were incorrect.

      Contrary to what defendant says, jurisdiction sought under 28 U.S.C. 1581(i) in the disputed cases is NOT the same as in the test cases. 28 U.S.C. 1581(a) is not the panacea defendant claims it to be. Multiple claims can and do arise from a superficially single set of facts. That nuance is present here.

      If the Court decides in favor of the plaintiffs and orders *vacatur* in HMTX et al, *Trebbianno*, *Westport* and *Uniflex* most likely will be resolved. Although it has not been determined at this point, it appears that the parties in HMTX et al

anticipate that any importer who would seek to benefit from a favorable final decision in HMTX et al, would of necessity have a case on the Court's docket. It is our understanding that there are more than six thousand cases already suspended under HMTX et al.

If *Trebbianno*, *Westport* and *Uniflex* were to accede to dismissal at this time, they potentially would be surrendering any rights to refunds they would have in the event of favorable final decision in HMTX et al, prematurely and contrary to the interests of justice.

### B. The USTR Mishandled an Exclusion Request and Refused to Correct its Errors: No CBP Decision Was Involved

Further, akin to the USTR's mishandling of its responsibilities in HMTX et al, there are issues in *Trebbianno and Westport* that are unique to those plaintiffs relative to the mishandling of an exclusion request that was supposed to have been granted by the USTR. The requesting party was notified that its exclusion request had been granted but what was published in the Federal Register was a description that was nowhere near what was described in the request and supporting data.

Counsel for *Trebbianno and Westport* brought this issue to the attention of the USTR repeatedly in June 2020, and it was the decision of the USTR given orally by its "301 Help Desk" to ignore it. There is no question that we have

subject matter ripe for adjudication under 28 U.S.C. §1581(i), if *Trebbianno and Westport* are not suspended under HMTX et al. However, HMTX et al if decided in favor of the plaintiffs would most likely resolve the question of duties on ALL list 3 and 4A items, including those in *Trebbianno* (20-00135) and *Westport* (20-00190). (Note, however, that a negative decision in HMTX et al might not resolve the particular issues in the *Trebbianno* and *Westport* disputed cases. That would remain to be seen at such time as HMTX et al becomes final).

Here is what the USTR was provided by email on June 6, 2020:

**Attached we have the request submission details pages from comments.ustr.gov for USTR Exclusion Request No. USTR-2019-0005-31612, as well as the photographic support for the exclusion request, the HTSUS provision for the classification of the items for which exclusion was requested (4202.32.1000), the May 22, 2020 letter to the requesting party Fantasia Accessories Ltd., and two pages from the pre-publication Federal Register Notice (the first page and page 8, whereon the exclusion is listed as number 37).**

**The exclusion request was for:**

**Wallets, purses, personal cases of variety of colors, not exceeding in size of 10"W X 6"H X 8"L, outer surface of sheeting of laminated plastic (poly vinyl chloride, polyurethane). Wallets, purses, personal cases of variety of colors, not exceeding in size of 10"W X 6"H X 8"L, outer surface of sheeting of laminated plastic (poly vinyl chloride, polyurethane).**

**The product function for the items for which the exclusion from the China 301 List 3 duties was described as:**

**Small container/wallets designed to hold small items such as paper currency, coins, and identification cards, normally carried in the pocket or in the handbag.**

**The exclusion was requested for the above described items classified under HTSUS 4202.32.1000 which provides for:**

**(A)rticles of a kind normally carried in the pocket or the handbag, with outer surface of sheeting of plastic or of textile materials, with outer surface of sheeting of plastics, of reinforced or laminated plastics.**

**Although HTSUS 4202.32.1000 has NO size limitations, the size of the items in the exclusion request were:**

> **(N)ot exceeding 10"W X 6"H X 8"L".**

**The photographic supports show four items whose size were within those parameters.**

**Yet somehow, despite advising the requesting party that USTR Exclusion Request No. USTR-2019-0005-31612, was granted, the published exclusion was totally different from the exclusion that had been requested:**

**Coin purses with outer surface of laminated plastics, each measuring not more than 8 cm in length, not more than 8 cm in height, and not more than 3 cm in width(described in statistical reporting number 4202.32.1000.**

**The exclusion request made NO reference to or in any way was there a request an exclusion of coin purses of the dimensions in the listed exclusion. The documentary support from the requesting party was for items whose dimensions were expressed in INCHES, not Centimeters, and of a size substantially LARGER than 8 cm. Converting Cm to inches, the announced exclusion was for coin purse only a little over 3 inches in length and height.**

**Further, There is no statistical breakout in 4202.32.10 for coin purses of the size identified in item no. 37 on the list of exclusions granted on May 22, 2020.**

Accordingly *Trebbianno and Westport* were not disposed of under the test cases. They could proceed NOW, but in the interest of judicial economy, they are properly suspended under HMTX et al. Again, they did not involve protestable CBP decisions of the kind considered in the test cases. They must not be dismissed despite defendant's predilections to the contrary.

## C. Uniflex is Properly Suspended Under In Re 301 Cases/HMTX et al

The disputed *Uniflex* case 20-03571 is the only case that Uniflex as plaintiff has on the Court's docket contesting the collection of 301 duties on its goods imported from China. Defendant would take that one case away from the plaintiff for no good reason.

*Uniflex* had *some* issues that were resolved in the test cases. However, not all of its issues were resolved. Defendant knows that. What was resolved was the question of whether a protest was the proper route for an importer to use to recover China 301 duties that had been paid, but which were subsequently refundable pursuant to an exclusion announced by the USTR, even if the announced exclusion were beyond the post-liquidation protest period.

However, as noted earlier, *Uniflex* has items that appear on the List 3 and/or List 4A irrespective of exclusion status. Those lists are in issue in HMTX et al *in toto*. *Uniflex* did not need to file a separate case to vindicate its rights in that regard. Incongruously, defendant seeks to dismiss this *Uniflex* case because the plaintiff did not file an additional case to address HMTX et al issues under the same jurisdictional statute already cited in 20-03571. If *Uniflex* were to be dismissed as a result of the test cases and NOT be allowed to be suspended under

HMTX et al, plaintiff could be deprived of any benefit of a favorable decision ultimately rendered in HMTX et al affecting more than 6,000 other plaintiffs.

Plaintiff in *Uniflex* intends to file a motion to suspend under HMTX et al shortly.

Defendant wants to ham string plaintiffs by requiring them to agree, if the three cases were to be suspended under HMTX et al, that they would be bound by a negative decision in HMTX et al. *Uniflex* must continue under HMTX et al, as it has imports under List 3 and 4A and is not foreclosed by the test cases. *Uniflex might* be bound by a negative decision*, but* as plaintiffs describe above, *Trebbianno and Westport* have issues with the USTR's administration that are separate and in addition to having goods on List 3 and List 4A.

Even with *Uniflex*, plaintiff would need an agreement that it would not be prejudiced by the outcome in HMTX et al on anything except a decision on the merits.

*Defendant's position*

Like the test cases, plaintiffs in the disputed cases invoke jurisdiction under 28 U.S.C. § 1581(i) to obtain a refund of "duties collected pursuant to section 301 of the Trade Act of 1974 on merchandise on import entries . . . that were retroactively excluded" from section 301 duties. *Trebbianno*, Dkt. 14 (Amended

Complaint) at 5; *Westport*, Dkt. 18 (Amended Complaint) at 5-6; *Uniflex*, Dkt. 6 (Complaint) at 5. Also like the test cases, plaintiffs in the disputed cases had an adequate remedy under 28 U.S.C. § 1581(a) but failed to file timely protests, as they were required to do to claim retroactive refunds of section 301 duties. *ARP Materials,* 520 F. Supp. 3d at 1361; *aff'd*, 47 F.4th 1370 (Fed. Cir. 2022).

While plaintiffs highlight certain facts in the *Trebbianno* and *Westport* cases that they claim could result in a different outcome than the test case, none alter the jurisdictional questions involved. Specifically, plaintiffs assert in this joint status report that the granted exclusion did not match the request, and plaintiffs take issue with the process by which the USTR granted the exclusion. However, just like the test cases, the *Trebbianno* and *Westport* cases seek to use this Court's jurisdiction to obtain the retroactive refund of section 301 duties. *Trebbianno*, Dkt. 14 (Amended Complaint) at 5; *Westport*, Dkt. 18 (Amended Complaint) at 5-6. While the specific circumstances related to the granting of the claimed exclusion in *Trebbianno* and *Westport* may differ from the test cases, these differences do not change the fact that the relief being sought—the retroactive refund of section 301 duties—still required the filing of timely protests. *ARP Materials,* 520 F. Supp. 3d at 1361; *aff'd*, 47 F.4th 1370 (Fed. Cir. 2022).

Because the test cases and the disputed cases involve the same jurisdictional issues, the outcome in the test cases should dispose of all outstanding issues in the

13

disputed cases. Specifically, the test cases demonstrate that the plaintiffs in the disputed cases possessed a remedy under 28 U.S.C. § 1581(a) "for [their] alleged erroneous liquidation[s], but [they] lost that remedy because [their] protest[s] w[ere] untimely" or not made at all, "not because the remedy was inadequate." *ARP Materials,* 520 F. Supp. 3d at 1361; *aff'd*, 47 F.4th 1370 (Fed. Cir. 2022). Because a remedy existed under 28 U.S.C. § 1581(a) that was not "manifestly inadequate," the test cases establish that the Court lacks jurisdiction pursuant to 28 U.S.C. § 1581(i) in the disputed cases. *ARP Materials*, 520 F. Supp. 3d at 1362, *aff'd*, 47 F.4th 1370 (Fed. Cir. 2022).

For these reasons, the Court should lift the stay to allow the Government to move to dismiss the disputed cases. Our motion to dismiss would address the facts asserted by plaintiff above, including the allegations that the published exclusions at issue in the *Trebbianno* and *Westport* cases did not match the requested exclusion. These issues could all be resolved in a motion to dismiss, and none warrant maintaining the current suspension of the disputed cases.

Nor is there any basis to stay the disputed cases until the Court resolves *In re Section 301 Cases*. Indeed, the disputed cases only contest the applicability of certain exclusions to plaintiffs' merchandise at issue, not the lawfulness of the section 301 duties themselves, as *In re Section 301 Cases* does. *Trebbianno*, Dkt.

14

14 (Amended Complaint) at 5; *Westport*, Dkt. 18 (Amended Complaint) at 5-6; *Uniflex*, Dkt. 6 (Complaint) at 5.

Moreover, plaintiffs in two of the disputed cases (*Trebbianno* and *Westport*) brought a separate case to challenge the section 301 duties issued under List 3 and List 4, *see Trebbianno LLC v. United States et. al.*, Court No. 20-00273; *Westport Corporation v. United States et. al.*, Court No. 20-00213, both of which are suspended under *In re Section 301 Cases*. Thus, these plaintiffs have the opportunity to seek any relief due to importers should the Court resolve *In re Section 301 Cases* in their favor. It is therefore untrue that lifting the present stay in the disputed cases would "ham string plaintiffs" in any way, as plaintiffs state above. As for the third disputed case, *Uniflex*, this plaintiff could have, but did not, file a separate lawsuit challenging the section 301 duties at issue in *In re Section 301 Cases*. The fact that the plaintiff in *Uniflex* did not file a separate lawsuit challenging the lawfulness of List 3 and List 4 does not warrant suspending this case until the Court resolves *In re Section 301 Cases*.

In sum, keeping the disputed cases suspended does not "promote judicial economy, conserve the resources of the parties [or] ultimately advance the interests of justice." *An Giang Agriculture and Food Imp. Exp. Co. v. United States*, 350 F. Supp. 2d 1162, 1172 (Ct. Int'l Trade 2004). As a result, we respectfully request

that the Court lift the stay in the disputed cases and order the parties to propose a schedule to brief a consolidated motion to dismiss.

Respectfully submitted,

/s/ Christopher M. Kane
Daniel J. Gluck
Mariana del Rio Kostenwein

Simon Gluck & Kane LLP
535 Fifth Avenue
4th Floor
New York, NY 10017
Tel: (212) 775-0055 x230
Fax: (212) 839-9103

*Attorneys for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

L. MISHA PREHEIM
Assistant Director

JUSTIN R. MILLER
Attorney-In-Charge,
International Trade Field Office

/s/ Jamie L. Shookman
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
26 Federal Plaza, Room 346
New York, NY 10278
Tel: 212-264-2107
Fax: 212-264-1916

ELIZABETH SPECK
SOSUN BAE
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station

Washington, D.C. 20044

Date: January 6, 2023                    *Attorneys for Defendants*